UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Joseph Lamar Smith**, # 326485, | ) **C/A No. 8:08-2932-RBH-BHH** |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Jason Anders**, Solicitor, Kershaw County; | ) |
| **Glenn Rogers**, Solicitor Kershaw County; | ) |
| **Warren B. Giese**, Solicitor, Richland County; | ) |
| **Zack Atkinson**, Kershaw County, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

## *Background of this Case*

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections.  Information on the South Carolina Department of Corrections website (www.doc.sc.gov) reveals that the plaintiff is serving a one-year sentence for criminal domestic violence conviction entered in the Court of General Sessions for Spartanburg County in 2008.  The plaintiff's projected release date is November 19, 2008. The defendants in the above-captioned case are the Solicitor and three Assistant Solicitors in the Office of the Fifth Judicial Circuit of South Carolina.[1]  Richland County and Kershaw County comprise the Fifth Judicial Circuit of South Carolina.

_____

[1]The complaint indicates that Glenn Rogers, who originally represented the plaintiff on the matter, now works as a prosecutor.

1

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of a pending charge of burglary in the Court of General Sessions for Kershaw County.  The charge has been pending since 2004.  The plaintiff states that he has mailed a *Brady* motion,[2] two motions to quash indictment, a motion to remove counsel, and a motion for dismissal for failure to prosecute, but no action has been taken on the pending charge or on the pending motions.[3]  In his prayer for relief, the plaintiff seeks five million dollars ($5,000,000) in damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

---

[2]*See Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).

[3]If the plaintiff is represented by counsel on the charge of burglary, the plaintiff cannot file *pro se* motions.  *State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998).

[4]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[5] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

It is generally accepted that the holding in *Heck v. Humphrey* is not applicable to pre-trial detainees raising claims of false arrest.  *See Wallace v. Kato*, 166 L.Ed.2d 973, 127 S.Ct. 1091 (2007) *(Heck v. Humphrey* not applicable to pre-trial detainees raising false arrest claims).  *But see Jovanovic v. City of New York*, 2008 U.S. Dist. LEXIS 8974, 2008 WL 355515 (S.D.N.Y., Feb. 7, 2008) ("*Wallace* deals extensively with the *Heck* decision

---

[5]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

and the interaction of its holding and the false arrest claim, but *Wallace* clearly leaves the general rule of *Heck* undisturbed.").

As to defendants Giese, Anders, and Atkinson, this case is subject to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. Article V, § 24; and S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit and have the power to "hire and fire" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985). Prosecutors — such as Solicitor Giese, Assistant Solicitor Anders, and Assistant Solicitor Atkinson — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992).

Glenn Rogers, who now works as a prosecutor, is entitled to summary dismissal because, in his prior representation of the plaintiff in 2004, he (Glenn Rogers) did not act

4

under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*,  526 U.S. 40, 50-52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).[6]

---

[6]The General Assembly of the State of South Carolina has replaced the county-based public defender system with a Circuit-based system.  *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system.  The Preamble to the Act reads as follows:

Whereas, the General Assembly finds that it is necessary to establish a statewide unified indigent defense system to provide effective assistance of counsel to indigent criminal defendants;  and

Whereas, the General Assembly believes it is necessary to establish parity in benefits and salaries between prosecution and defense systems;  and

Whereas, the General Assembly desires to ensure that the system is free from undue political interference and conflict of interest;  and

Whereas, the General Assembly wishes to provide for the delivery of public defender services by qualified and competent counsel in a manner that is fair and consistent throughout the State;  and

Whereas, the General Assembly's ultimate goal is to ensure that adequate public funding of a statewide public defender system is provided and managed in a fiscally responsible manner.

(2007 S.C. Acts 108).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted).  *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[7]

---

[7]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983.  Federal courts have held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.


August 28, 2008                             s/Bruce Howe Hendricks
Greenville, South Carolina                  United States Magistrate Judge

7

**<u>Notice of Right to File Objections to Report and Recommendation</u>**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).